IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL RAY BEAVERS, #143301, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv322-ID |
| ) | (WO) |
| LEON FORNISS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief filed by state inmate Paul Ray Beavers ("Beavers") on April 21, 2011.[1] (Doc. No. 1.) In his petition, Beavers challenges convictions for possessing chemicals with the intent to manufacture a controlled substance and domestic violence entered against him in December 2009 by the Circuit Court of Jackson County, Alabama.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *See* 28 U.S.C. § 2241(d). Beavers challenges convictions entered against him in December 2009 by

---

[1] Although the petition was date-stamped "received" in this court on April 27, 2011, Beavers represents that he placed it in the prison mailing system on August 21, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

the Circuit Court for Jackson County, Alabama. Jackson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for hearing and determination is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 21, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[2] A decision on Beavers's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of July, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE